UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK R. WINKLE,**

      **Plaintiff,**

                              **Civil Action 2:12-cv-1079**
   **v.**                                 **Judge Edmund A. Sargus, Jr.**
                              **Magistrate Judge Elizabeth P. Deavers**

**COLLEEN RUGGIERI,** *et al.***,**

      **Defendants.**

### REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who proceeds without the assistance of counsel, brings this action against numerous Defendants asserting claims under 42 U.S.C. § 1983 as well as Ohio law. This matter is before the Court for the initial screen of Plaintiff's Second Amended Complaint as required by 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's claims against the National Council for Accreditation of Teacher Education, Ohio University, the Ohio Attorney General's Office and Todd Marti be **DISMISSED**. It is further **RECOMMENDED** that Plaintiff's claims against the individual University employees in their official capacities be **DISMISSED**. It is also **RECOMMENDED** that Plaintiff's state-law claims against the individual University employees in their individual capacities be **DISMISSED**. At this juncture, Plaintiff may proceed with his § 1983 claims against the University employees in their individual capacities.

### I.

Plaintiff alleges that he is a former student in the Gladys W. and David H. Patton College of Education of the Ohio University ("College of Education"). (2nd Am. Compl. ¶ 33, ECF No.

40.)  At some point Plaintiff was removed from the education program for alleged violations of the core value and disposition standards.  *Id.*  Plaintiff purports to assert various claims against numerous Ohio University employees, as well as the University, the College of Education, and others in connection with the removal.

**Discrimination, Retaliation and Hostile Work Environment**

Plaintiff alleges that a number of the Ohio University employees discriminated and retaliated against him and caused a hostile learning environment.  According to Plaintiff, Defendant Ruggieri created a hostile learning environment and harassed Plaintiff on the basis of his gender and age in front of other students and outside of class.  (2nd Am. Compl. ¶ 2, ECF No. 40.)  Plaintiff contends that Defendant Ruggieri bullied and humiliated him by demanding that he drop her class and change majors.  *Id.* at ¶¶ 4, 5.  According to Plaintiff, Defendant Ruggieri also gave him a low grade and filed false charges against him with the Ohio University Police in retaliation for Plaintiff filing discrimination charges against her.  *Id.* at ¶ 4.  Plaintiff further alleges that Defendant Ruggieri committed libel and slander when she made false allegations and charges against him to the Patton College of Educational Credential Review Board ("Review Board") and to his classmates.

Plaintiff alleges that many of the other Defendants also filed false charges against him or discriminated against him on the basis of his age and gender.  According to Plaintiff, Defendants Rice and Dutton filed false charges against him on the basis of his age and gender.  *Id.* at ¶¶ 6-7, 10-11.  Defendants Giese, Coon, Paulins and Henning also allegedly discriminated against Plaintiff on the basis of his age and gender.  *Id.* at ¶¶ 15-17, 20-21, 23-24, 26-27.  Plaintiff alleges that Defendants Dewald and Scanlan sent him harassing and threatening e-mails.  *Id*. at

¶¶ 13, 29.

Plaintiff contends that Defendant Dutton filed charges against him in retaliation for complaints he filed against Loreen Giese.  According to Plaintiff, Defendants Dewald and Scanlan retaliated against him on three separate occasions for filing complaints against instructors at Ohio University.  (2nd Am. Compl. ¶¶ 13, 29, ECF No. 40.)  Plaintiff also alleges that Giese and Coon retaliated against him for filing charges against Giese, Jennifer Warner and Floyd Doney.  *Id.* ¶¶ 19-21.

Plaintiff makes the conclusory allegations that many of the Defendants violated his First Amendment right to free speech.  According to Plaintiff, Defendants Rice, Dewald, Scanlan, Henning and Dutton violated his First Amendment right to free speech on an ongoing basis since October 17, 2012.  *Id.* at ¶¶ 8, 12, 14, 28, 29.  Plaintiff also alleges that Defendants Giese, Coon, and Paulins and have violated his First Amendment right to free speech on an ongoing basis since June, July, and October 2011.  *Id.* at ¶¶ 18, 22, 25.

According to Plaintiff, the actions described above have created a hostile learning environment.

**Failure to Investigate, Remove or Supervise**

Plaintiff alleges that Defendant Baiye has repeatedly failed to conduct investigations into the alleged civil rights violations that Defendants Giese and Dewald committed.  (2nd Am. Compl. ¶ 31, ECF No. 40.)  According to Plaintiff, Baiye has also failed to instruct Defendants Giese and Dewald to refrain from contacting or retaliating against him.

Plaintiff contends that the National Council for the Accreditation of Teacher Education ("NCATE") negligently failed to remove from its accredited institutions the authority to

discriminate against students based on core values and other violations of students' First Amendment right to free speech. *Id.* at ¶ 33. Plaintiff further alleges that NCATE has aided and abetted the College of Education in its violations of his First Amendment rights. Specifically, Plaintiff contends that the College of Education violated his rights when it removed him for alleged violations of the college disposition standards. *Id.*

**Plaintiff's Removal from the College of Education**

Plaintiff alleges that Defendant College of Education violated his First Amendment rights through the use of its "Core Values and Disposition Standards." (2nd Am. Compl. ¶ 35, ECF No. 40.) Plaintiff further alleges that the College of Education removed him from its education program and from classes that he had already scheduled for the winter 2013 semester. *Id.* In addition to the constitutional challenge, Plaintiff purports to assert a breach of contract claim.

Plaintiff alleges that the Review Board violated his First, Fourth, and Fourteenth Amendment rights when it removed Plaintiff from the College of Education without having the authority to do so. *Id.* at ¶ 35(a). Plaintiff also alleges that the Review Board violated his rights in failing to have an unbiased hearing panel or decision maker order a suspension, which Plaintiff contends is required under the due process clause for any suspension over ten days.

Plaintiff also alleges that Renee Middleton directed the College of Education staff to remove him from the College of Education and cancel his classes. *Id.* at ¶ 37. Defendant Middleton also allegedly violated Plaintiff's constitutional rights when she denied his appeal to the Review Board in retaliation for his complaints of discrimination. *Id.* at ¶ 39.

**Alleged Conspiracy**

Plaintiff alleges that the Defendants named in his Complaint conspired to violate his

4

constitutional right to due process. (2nd Am. Compl. ¶ 32, ECF No. 40.) According to Plaintiff, Defendants conspired to deprive him of his rights by violating the "Code of Ethics Student Concern" procedures of the Ohio University Code of Ethics, performing their duties negligently, or retaliating against Plaintiff.

**Actions of the Ohio Attorney General's Office and Todd Marti**

Plaintiff alleges that Assistant Attorney General Todd Marti sent an e-mail to his co-workers and Ohio University staff which contained statements that constitute libel, slander and defamation. (2nd Am. Compl. ¶ 41, ECF No. 40.) Plaintiff also alleges that the Ohio Attorney General's office failed to supervise Defendant Marti and his superiors. *Id.* at ¶ 42.

Finally, Plaintiff alleges that as a result of the events outlined above he has suffered emotional distress, humiliation and damage to his reputation. He also alleges that he has suffered ridicule, hatred and contempt. Plaintiff seeks monetary relief and punitive damages, as well as a declaration that the college's "Core Values and Disposition Standards" and Student Code of Ethics violate students' First Amendment rights.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the

---

[1] Formerly 28 U.S.C. § 1915(d).

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*      \*      \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

      To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.

**A.     Plaintiff's Purported Claims Against NCATE**

The Undersigned recommends dismissal of Plaintiff's claims against NCATE. It is not clear what Plaintiff purports NCATE has done that would subject it to liability. The entirety of Plaintiff's allegations against this Defendant consists of the following:

> It is alleged that the National Council for the Accreditation of Teacher Education aka "NCATE" by its' [sic] negligence and its' [sic] failure to remove the authority of its accreditated [sic] institutions' [sic] to discriminate against teacher education students based on their core values and dispositions, and other means of violating teacher education student's First Amendment Rights of Free Speech have aided and abetted the Gladys W. and David H. Patton College of Education's [sic] in their violations of the plaintiff's First Amendment Rights. Plaintiff's rights were violated by removing him from the Gladys W. and David H. Patton College of Education as a

result of his alleged violations of that college's "disposition standards." (2nd Am. Compl. ¶ 33, ECF No. 40.)  This language suggests that Plaintiff seeks to hold NCATE liable for not removing the college officials who allegedly discriminated and retaliated against him from Ohio University.  Plaintiff has failed to allege any relationship between NCATE and Ohio University that would render it liable in this regard.  This omission is just one reason that Plaintiff's purported claim against NCATE fails.

To the extent Plaintiff asserts that NCATE aided and abetted, or conspired to violate his First Amendment right, he has failed to allege facts sufficient to state such a claim.  To prevail on a civil conspiracy claim under § 1983, a plaintiff must show that the conspirator-defendants (1) engaged in a "single plan"; (2) "shared in the general conspiratorial objective" to deprive the plaintiff of his constitutional rights, and (3) committed "an overt act . . . in furtherance of the conspiracy that caused injury" to the plaintiff.  *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).  "'Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy.'"  *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (citing *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)).  Moreover, "[e]ach conspirator need not have known all of the details of the illegal plan or all of the participants involved."  *Id.* (quoting *Hooks*, 771 F.2d at 944).

Here, Plaintiff has failed to allege any facts that would indicate that NCATE (or any other Defendant) engaged in a plan to violate his constitutional rights, shared a general conspiratorial objective with other Defendants, or committed an overt act in furtherance of a conspiracy.  Plaintiff merely alleges, in a conclusory fashion, that "the defendants herein named have conspired to violate the plaintiff's rights of Due Process under the 5th and/or 14th

8

Amendments of the United States Constitution . . . ." (2nd Am. Compl. ¶ 32.) Such "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly*. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Plaintiff has thus failed to state a civil conspiracy claim under § 1983.

Moreover, to the extent Plaintiff purports to assert a First Amendment retaliation claim against NCATE, he has failed to do so. To succeed on a § 1983 claim in violation of the First Amendment, a plaintiff must establish the following elements: (1) the plaintiff was "engaged in a constitutionally protected activity"; (2) that the "defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity"; and (3) that the "adverse action was motivated at least in part as a response to the exercise of plaintiff's constitutional rights." *Charvat v. E. Ohio Reg'l Wastewater Auth.*, 246 F.3d 607, 616 (6th Cir. 2001) (citing *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998)).

Here, Plaintiff has failed to allege sufficient facts to establish even one of the three requisite elements of a First Amendment retaliation claim, much less all of them. He has not alleged with any specificity that he engaged in protected activity; that NCATE took adverse action against him that would chill such activity; or that NCATE's alleged action was a response to the exercise of his constitutional rights. *Charvat*, 246 F.3d at 616. Plaintiff's purported retaliation claim against NCATE thus fails.

Finally, Plaintiff's purported claims against NCATE also fail because he does not allege facts that would satisfy the elements necessary in any § 1983 claim. To plead a cause of action

9

under 42 U.S.C. § 1983, a Plaintiff must plead two elements: (1) a person acting under color of state law caused deprivation of a right that is (2) secured by the Constitution or laws of the United States. *Hunt v. Sycamore Cmty. School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). To sufficiently plead the first element, a plaintiff must allege "personal involvement" on the part of the defendant. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). "A supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted). Put another way, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Id.*

Here, Plaintiff has failed to allege both that NCATE acted under color of state law and that it exercised personal involvement in the alleged violation of his constitutional rights. The Court takes judicial notice of the fact that NCATE is a non-governmental, national accrediting body for schools, colleges, and departments of education.[2] Thus, absent some unusual fact that Plaintiff has failed to allege, NCATE presumably would not act under color of state law, which

---

[2]The Court takes judicial notice of NCATE's status pursuant to Federal Rule of Evidence 201. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Landt v. Farley*, 2012 WL 4473209, *1 (N.D. Ohio Sept. 26, 2012) (noting that the "court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system and via the internet.") (quotation marks and citation omitted). Reference to NCATE's public website demonstrates that it is a non-governmental accrediting body. http://www.ncate.org/Public/AboutNCATE/FAQAboutNCATE/tabid/410/Default.aspx#ncate.

is required for § 1983 liability to attach.  *Hunt*, 542 at 534.  Nor is NCATE a person capable of "personal involvement," which is also required for a cognizable § 1983 claim.  *Id.*

Accordingly, Plaintiff has failed to state a cognizable § 1983 claim against NCATE.  It is, therefore, **RECOMMENDED** that Plaintiff's claims against NCATE be **DISMISSED** for failure to state a claim upon which relief can be granted.

**B.** **Plaintiff's Purported Claims Against Ohio University, the College of Education, and Ohio University Employees**

The Court concludes that Plaintiff's remaining claims are best resolved through the litigation process rather than on an initial screen under 28 U.S.C. § 1915(e)(2).  Defendants have filed a Motion to Dismiss in which they raise numerous challenges to Plaintiff's remaining claims.  The Court's determination that Plaintiff's remaining claims are better addressed through Defendants' Motion to Dismiss in no way reflects on the merits of Plaintiff's claims or Defendants' challenges to those claims.  The Court will rule on Defendants' Motion to Dismiss as soon as practicable.

## IV.

Accordingly, it is **RECOMMENDED** that Plaintiff's claims against NCATE be **DISMISSED** for failure to state a claim.  At this juncture, Plaintiff may proceed with his remaining claims.

## V.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

Date: March 21, 2013                                       /s/ *Elizabeth A. Preston Deavers*
                                                                            Elizabeth A. Preston Deavers
                                                                            United States Magistrate Judge