UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK R. WINKLE,

    Plaintiff,

v.

COLLEEN RUGGIERI, et al.,

    Defendants.

Case No. 2:12-CV-01079
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Mark R. Winkle's objections, doc. 56; doc. 63, to the Magistrate Judge's March 22, 2013 Report and Recommendation, doc. 50. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.

I.

Plaintiff, who proceeds *pro se*, formerly attended Ohio University's ("OU") College of Education. Based on a series of complaints and on their own personal interactions with Plaintiff, a number of OU employees expressed concerns to OU's Credential Review and Candidate Program Board ("the Board") regarding Plaintiff's prospects as a teacher. *See* doc. 13-2; doc. 13-3; doc. 13-4. After a series of investigations and meetings, the Board concluded that Plaintiff did not "possess the necessary dispositions to become a successful teacher." Doc. 13-6; *see also* doc. 13-7. As a consequence, the Board did not allow Plaintiff to continue in any teaching major that OU offered. *Id.* Plaintiff lost an appeal of the decision, *see* doc. 13-9, and OU has not allowed him to register for College of Education classes since, *see* doc. 13-10.

1

Plaintiff then filed this action. He brought suit against OU, a number of OU employees, OU's College of Education, the Ohio Attorney General's Office, Assistant Attorney General Todd Marti, and the National Council for the Accreditation of Teacher Education ("NCATE"). *See* doc. 40 at 1–3. He has alleged, among other claims, violations of his First Amendment rights, discrimination based on his age and gender, retaliation for filing charges of race and gender discrimination, due process violations, and a number of state-law tort claims. *See id.*

The Magistrate Judge conducted an initial screen of Plaintiff's complaint in accordance with 29 U.S.C. § 1915(e)(2). Doc. 50. She issued a corresponding Report and Recommendation both favorable and unfavorable to Plaintiff. The favorable: almost all of Plaintiff's claims survived the initial screen under. *See* doc. 50 at 11. The unfavorable: the Magistrate Judge concluded that Plaintiff "failed to state a cognizable § 1983 claim against NCATE." *Id.* at 11. She thus recommended Plaintiff's claims against NCATE be dismissed. *Id.*[1] Plaintiff objects to the Report and Recommendation. Doc. 56; doc. 63.

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

---

[1] Plaintiff points out an inconsistency in the Magistrate Judge's Report and Recommendation. On one hand, the introduction does "essentially recommend[] that the plaintiff's entire case be dismissed." Doc. 63 at 2; *see also* doc. 50 at 1. On the other hand, the reasoning and conclusions only address dismissal as to NCATE. *See* doc. 50 at 7–11. The Court reads the Report and Recommendation in accordance with this analysis and the stated conclusion—that it only recommends dismissal of the claims against NCATE.

2

### III.

The Magistrate Judge's Report and Recommendation recommended dismissal of the complaint against NCATE for several reasons. First, she held that Plaintiff "failed to allege any relationship between NCATE and Ohio University that would render" NCATE liable for OU's alleged discrimination and retaliation. Doc. 50 at 8. Second, she explained that Plaintiff failed to allege facts addressing any element of a conspiracy claim under the First Amendment. *See id.* at 8–9 (citing *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (explaining the three elements of a civil conspiracy claim under § 1983)). Third, "Plaintiff failed to allege sufficient facts to establish even one of the three requisite elements of a First Amendment retaliation claim." *Id.* at 9 (citing *Charvat v. E. Ohio Reg'l Wastewater Auth.*, 246 F.3d 607, 616 (6th Cir. 2001) (listing the three elements)). Fourth, the Magistrate Judge held that Plaintiff failed to allege facts addressing either of the two elements of a claim under 42 U.S.C. § 1983—applied here "that NCATE acted under color of state law and that it exercised personal involvement in the alleged violation of his constitutional rights." Doc. 50 at 10 (citing *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (noting the two elements necessary for a cause of action under § 1983)).

### IV.

Plaintiff submitted two sets of objections to the Magistrate Judge's decision. One came on April 4, 2013. Doc. 56. The other came on April 15, 2013, after the fourteen days allowed for objection to a magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *compare* doc. 50 (the Magistrate Judge's Report and Recommendation, delivered on March 22, 2013, noting that an objecting party had "fourteen (14) days" to "file and serve on all parties objections to the Report"), *with* doc. 63 (Plaintiff's second objection to the

3

Report and Recommendation, filed on April 15, 2013). Even so, the Court exercises its discretion to address both sets of objections made by a plaintiff proceeding *pro se*.

A.

Plaintiff first objected to the Report and Recommendation on April 1, 2013. Doc. 56. This first set of objections reads in full part:

1) The plaintiff's case is complex litigation;

2) The plaintiff is in the process of amending his complaint to comply with the onerous requirements of the Magistrate's heightened pleading requirements under FRPC 8.

3) The plaintiff will submit his amended complaint in the near future which will fully detail each and every complaint to the best of the plaintiff's ability at this time.

For the reasons stated above, the plaintiff prays that the court set aside the Magistrate's Report and Recommendation under FRPC 6 and provide the plaintiff with the opportunity to restate his claims more fully to meet the "heightened pleading requirements" that the magistrate has requested pursuant to FRPC 8.

Doc. 56 at 1.

Upon review of Plaintiff's first set of objections, the Court finds that Plaintiff has waived a *de novo* review of NCATE's dismissal. Plaintiff's objections do not mention NCATE. The only objection even remotely relating to NCATE alleges general issues with the Report and Recommendation—namely that he was in the process of amending his complaint to "comply with the onerous requirements of the Magistrate's heightened pleading requirements." Doc. 63 at 1–2. This means that Plaintiff has failed to "explain[] and cite[] specific portions of the report" that he sees as "problematic," and that he has thus in turn failed to preserve for appeal the issue of NCATE's dismissal. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007); *cf. Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the

4

magistrate judge's recommendations constituted a waiver of [the] ability to appeal the district court's ruling"). Further, viewing the first set of objections most favorably to Plaintiff, the Court could at most construe them as general objections to the Report and Recommendation. But the Sixth Circuit has held that "a general objection to a magistrate judge's report [that] fails to specify the issues of contention[] does not suffice to preserve an issue for appeal." *Id.* (citation omitted). In short, based on these grounds as applied to his first set of objections, the Plaintiff has waived a *do novo* review of the Magistrate Judge's dismissal of Defendant NCATE.

### B.

Moving to his second set of objections, Plaintiff raises a number of additional points. But only one objection in particular could be construed to apply to the dismissal of NCATE. Although Plaintiff does not mention NCATE, he does state that the Magistrate Judge "misinterpret[ed] . . . the Federal Rules of Civil Practice," doc. 63 at 2, and imposed "heightened pleading requirements," *id.* at 3. The Court disagrees—the Magistrate Judge cited the proper standard guiding a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 50 at 6=7 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). To the extent Plaintiff's second set of objections could be read to apply to the Magistrate Judge's reasoning under this standard, the Court disagrees again. Upon review, the Magistrate Judge's analysis and conclusions as to NCATE's dismissal were both sound; the Court thus adopts both. *See* doc. 50 at 7–10. In short, Plaintiff's second set of objections are overruled.

### V.

For the reasons stated, the Court **OVERRULES** Plaintiff's objections, doc. 56; doc. 63, and **ADOPTS** the Magistrate Judge's Report and Recommendation, doc. 50. Accordingly,

Plaintiff's claims against NCATE are dismissed for failure to state a claim, and Plaintiff may proceed with his claims against the remaining Defendants.

**IT IS SO ORDERED.**

_11-20-2013_
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE